

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| INTEGRA HEALTHCARE | § | Case No. 08-43002-BTR |
| HOLDINGS, LTD., | § | (Chapter 7) |
| | § | |
| Debtor. | § | |
| | § | |
| | § | |
| LINDA S. PAYNE, TRUSTEE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Adv. Proc. No. 10-4241 |
| | § | |
| SIMBA VENTURES HOLDINGS, LTD., | § | |
| SIMBA VENTURES GP, LLC, | § | |
| DAVID LEBLANC, HEDY LEBLANC, | § | |
| CRL FAMILY TRUST, WHITAKER | § | |
| FAMILY TRUST and WEL FAMILY | § | |
| TRUST, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION REGARDING MOTION
TO DISMISS THIRD AMENDED COMPLAINT**

This proceeding is before the Court on the motion to dismiss the Third Amended Complaint to Avoid Preferential and/or Fraudulent Transfers, and for Breach of Fiduciary Duty (the "Third Amended Complaint") filed by SIMBA Ventures Holdings, Ltd., SIMBA Ventures GP, LLC, and David LeBlanc (collectively, the "Defendants") pursuant to Federal Rules of Civil Procedure 9 and 12, made applicable by Federal Rules of Bankruptcy Procedure 7009 and 7012. The Court heard the motion on April 2, 2012, and, at the conclusion of the hearing, took the matter under advisement in order to prepare this detailed written ruling.

## I. Procedural Background

Integra Hospital Plano LLC ("IHP"), Integra Hospital Baton Rouge ("IHBR"), Integra Hospital Management LLC ("IHM"), and Integra Healthcare Holdings, Ltd. ("IHH") (collectively, the "Debtors") each filed chapter 11 bankruptcy cases on November 5, 2008 (the "Petition Date"). The Court converted each of the cases to chapter 7 on March 31, 2009. The Court subsequently appointed Linda S. Payne as the chapter 7 trustee (the "Trustee" or "Plaintiff") for each the Debtors.

On behalf of the chapter 7 estates ("Estates") of each of the Debtors, the Plaintiff initiated this adversary proceeding on November 4, 2010, by filing a Complaint against SIMBA Ventures Holdings, Ltd., SIMBA Ventures GP, LLC, David LeBlanc, Hedy LeBlanc, the CRL Family Trust, the Whitaker Family Trust, and the WEL Family Trust. The Plaintiff filed her First Amended Complaint on January 7, 2011. On January 12, 2011, the Plaintiff filed her Second Amended Complaint. In her Second Amended Complaint, the Plaintiff sought to avoid and recover alleged preferential and fraudulent transfers pursuant to 11 U.S.C. §§ 547 and 548.

Pursuant to certain stipulations entered into by the parties, the Defendants' deadline to answer or otherwise respond to the Second Amended Complaint was extended to April 22, 2011. On April 22, 2011, the Defendants filed a Motion to Dismiss Second Amended Complaint and Brief. On June 15, 2011, this Court entered its Order Granting Defendants' Unopposed Motion to Consolidate Adversary Proceedings, directing that Adversary Proceeding No. 10-04242, Adversary Proceeding No. 10-04243, and Adversary Proceeding No. 10-04244 be consolidated into this proceeding for all pre-

trial matters, including the filing of motions and other papers, pre-trial deadlines, discovery, and a joint trial.

The Court heard the Defendants' Motion to Dismiss Second Amended Complaint on July 11, 2011. At the conclusion of the hearing, the Court ruled that the Second Amended Complaint did not meet the requirements of *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), *Ashcroft v. Iqball,* 556 U.S. 662 (2009), or Rule 9(b) of the Federal Rules of Civil Procedure and was ripe for dismissal. The Court allowed the Plaintiff until August 15, 2011, to re-plead her complaint. This deadline was extended by the parties and by order of this Court to January 16, 2012. Finally, on February 21, 2012, the Plaintiff filed her Third Amended Complaint as well as a motion to extend the deadline, which the Court granted following a hearing on April 2, 2012.[1] The Plaintiff's Third Amended Complaint attaches and incorporates by reference Exhibits A–D (the "Exhibits"), which list transfers from referenced accounts of the respective Debtors. In addition, the Plaintiff's Third Amended Complaint adds a claim for breach of fiduciary duty.

## II. Legal Analysis

### A. Applicable Legal Standards

Bankruptcy Rule 7012 makes Rule 12(b)(6) of the Federal Rules of Civil Procedure applicable to this adversary proceeding. Rule 12(b)(6) provides for the dismissal of complaints that fail to state a claim upon which relief may be granted. The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim

---

[1] At the February 21st hearing, the Court set a deadline for the Defendants to answer or move to dismiss the Third Amended Complaint. The Court also instructed that the Defendants' motion to dismiss, if filed, would be heard on April 2, 2012, at the same time as the Plaintiff's motion to extend the deadline for filing the Third Amended Complaint. The Defendants timely filed the instant Rule 12(b)(6) motion. Although the Plaintiff did not supplement or re-file her responses to the Defendants' prior motion to dismiss, the Plaintiff argued against dismissal at the hearing on April 2, 2012.

3

when all well-pleaded facts are assumed true and are viewed in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir. 2007). The Court's review generally is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498-99 (5th Cir. 2000).

The Court's task is to determine whether a plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success. *Iqball,* 556 U.S. at 678. If the complaint fails to assert a cognizable legal theory, or the facts asserted are insufficient to support relief under a cognizable legal theory, the complaint may be dismissed under Rule 12(b)(6). *See Stewart Glass & Mirror, Inc. v. U.S.A. Glas, Inc.,* 940 F. Supp. 1026, 1030 (E.D. Tex. 1996).

This standard requires a plaintiff to plead facts that are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555-56 (citations omitted); *Canal Breaches Litigation*, 495 F.3d at 205 (citations omitted). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted); *Iqbal*, 556 U.S. at 678 (citations omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

Additionally, when fraud is alleged, the circumstances constituting fraud must be plead with "particularity." FED. R. CIV. P. 9. When asserting fraud claims, the plaintiff

4

must allege "the existence of [f]acts and circumstances sufficient to warrant the pleaded conclusion that fraud has occurred." *Morrison v. Amway Corp. (In re Morrison)*, 419 B.R. 314, 324 (Bankr. S.D. Tex. 2009) (quoting *In re Haber Oil Co.*, 12 F.3d 426, 439 (5th Cir. 1994)). "Put simply, Rule 9(b) requires the 'who, what, when, where, and how' to be laid out." *Airport Blvd. Apts., Ltd. v. NE 40 Partners, L.P., (In re NE 40 Partners, L.P.)*, 440 B.R. 124, 128 (Bankr. S.D. Tex. 2010) (quoting *Benchmark Elecs. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003)).

### B. The Plaintiff's Claims and Alleged Facts

The Plaintiff's Third Amended Complaint sets forth three claims: (1) a preferential transfer claim pursuant to § 547 of the Bankruptcy Code; (2) a fraudulent transfer claim pursuant to § 548 of the Bankruptcy Code; and (3) a claim for breach of fiduciary duty claim under applicable state law. The Defendants seek the dismissal of all the Plaintiff's claims. In their dismissal motion, the Defendants argue that the Plaintiff has failed to frame a viable cause of action despite several amendments of her complaint.

In her Third Amended Complaint, the Plaintiff has added allegations of fact that expand upon the historical relationship between the Debtors and the Defendants, among other things. The Plaintiff alleges that David LeBlanc formed IHH in February 2006 for the purpose of acquiring and developing post-acute healthcare facilities focusing on inpatient rehabilitation therapy services and skilled nursing service. His alleged goal was to build or acquire 850 beds in 15 facilities over a five-year period. The Plaintiff alleges that LeBlanc formed IHM for the purpose of managing these facilities.

The Plaintiff alleges that LeBlanc built or acquired several facilities between February 2006 and December 2007. In particular, IHP was formed in May 2006 for the

5

purpose of operating a soon-to-be constructed facility in Plano, Texas. IHBR was formed in December 2006 for the purpose of operating a pre-existing facility in Baton Rouge, Louisiana.

The precise ownership of these entities is complicated. In general terms, the Plaintiff alleges that David LeBlanc, the CR Family Trust, the Whitaker Family Trust and the WEL Family Trust owned SIMBA Ventures Holdings, Ltd. ("SVH"), and that David LeBlanc and his wife Hedy owned the entity that was the general partner of SVH. The Plaintiff further alleges that SVH owned 99% of IHH, and that David LeBlanc and his wife Hedy owned the entity that was the general partner of IHH. The Plaintiff alleges that IHH, in turn, owned 100% of IHBR and 60% of IHP.

IHBR was a profitable facility. IHP was not. The Plaintiff alleges that David LeBlanc and the various entities he controlled used IHBR to fund the operational expenses of IHP. The Plaintiff alleges that the Defendants transferred funds from IHBR to other Debtors, including IHP, and to SVH. The Plaintiff complains that the Defendants' actions caused IHBR to become insolvent.

The Plaintiff alleges that SVH funded the operations of one or more of the Debtors. The Plaintiff alleges that, as a result, the Debtors became indebted to SVH. The Plaintiff alleges that, as of March 27, 2008, the debt due to SVH was $15,812,311.14. The Plaintiff's Third Amended Complaint does not include specific details, such as when the alleged funding occurred, which Debtor received the funding, how much each Debtor allegedly received from SVH, or how much each Debtor owed to SVH on the Petition Date. The Plaintiff generally alleges that the Debtors' obligation to SVH remained due and owing as of the bankruptcy petition date.

6

The Plaintiff seeks to recover pre-petition transfers totaling $38,682,930.24. The alleged transfers described in the Exhibits occurred between February 2007 and March 2009. The Exhibits attached to the Plaintiff's Third Amended Complaint reflect that approximately $30,000,000 of the alleged transfers was made from the same Debtor to the same Debtor or from one Debtor to another Debtor.

The Plaintiff alleges that the Debtors transferred $8,556,856.61 to non-debtor parties. Several of these non-debtor parties are not defendants in this action. The total amount the Plaintiff alleges that the Debtors transferred to non-defendants is $703,769. In addition, the attachments to the Plaintiff's Third Amended Complaint reflect that one transfer from IHP to SVH in the amount of $300,000 occurred post-petition.

### 1. Breach of Fiduciary Duty

As an initial matter, the Defendants assert that the Plaintiff's breach of fiduciary duty claim is barred by the statute of limitations. The Plaintiff's prior adversary complaints did not include a breach of fiduciary duty claim. The Plaintiff has not established that any tolling provision applies to extend the limitations period. Thus, to the extent the Plaintiff's breach of fiduciary duty claim is based on actions that occurred prior to February 21, 2008, the filing date of the Third Amended Complaint, such claims are barred by the applicable statute of limitations. *See* TEX. CIV. PRAC. & REM. CODE § 16.004.

The Defendants also seek dismissal of the Plaintiff's breach of fiduciary claim as failing to state a viable cause of action. The Defendants liken the Plaintiff's breach of fiduciary claim to a claim for deepening insolvency, which the Fifth Circuit has rejected as both a cause of action and a measure of damages. *See Torch Liquidating Trust v.*

*Stockstill*, 561 F.3d 377, 392 fn. 16 (5th Cir. 2009) (noting that Delaware law does not recognize a cause of action for "deepening insolvency"); *Wooley v. Faulkner (In re SI Restructuring, Inc.)*, 532 F.2d 355, 363 (5th Cir. 2009) (rejecting "deepening insolvency" as a measure of damages). At least with respect to IHBR, this characterization of the Plaintiff's breach of fiduciary duty claim is inaccurate. The Plaintiff is not alleging that the Defendants deepened IHBR's insolvency, but that the Defendants' actions caused IHBR to become insolvent. Viewing the alleged facts in the light most favorable to the Plaintiff, the Court concludes that the Plaintiff has pled a plausible claim for breach of fiduciary duty with respect to actions by the Defendants after February 21, 2008, that caused IHBR to become insolvent.

### 2. Preferential Transfer Under 11 U.S.C. §547(b)

Section 547(b) of the Bankruptcy Code enables a bankruptcy trustee to avoid any transfer: (1) of an interest of the debtor in property; (2) to a creditor; (3) on account of an antecedent debt; (4) made while the debtor was insolvent; (5) made within the 90-day period preceding the filing of the debtor's bankruptcy petition; and (6) that enabled the creditor to receive more than it would have otherwise received in a Chapter 7 bankruptcy proceeding had the preferential transfer not been made. 11 U.S.C. §547(b). The reach-back period is extended to one year when the transfer is made to an insider. 11 U.S.C. § 547(b)(4)(B). Section 101(31), as applicable to debtor-corporations, lists as insiders directors, officers, control parties, the relatives of same, affiliates, and insiders of affiliates. *See* 11 U.S.C. § 101(31)(B), (E).

The Plaintiff's claim for recovery of a preference is deficient in several ways. First, although the Plaintiff alleges that the Defendants were insiders, the Plaintiff has

8

made no effort to exclude transfers that occurred more than one year prior to bankruptcy from her preferential transfer claim. The transfers that occurred outside of the one-year period total $1,010,518.50 as detailed in the Defendants' motion to dismiss.

Second, the transfers alleged by the Plaintiff include numerous transfers from a Debtor to itself, or from a Debtor to another Debtor. The total amount of these transfers is $30,126,073.63 as detailed in the Defendants' motion to dismiss. The alleged transfers from a Debtor to itself fail to meet the first three elements of § 547(b), that is, there was no transfer to or for the benefit of a creditor on account of an antecedent debt. With respect to the alleged transfers from one Debtor to another Debtor, the Plaintiff has failed to allege facts supporting a plausible claim that the transferee Debtor was a creditor of the transferor Debtor, that the transferor Debtor made the transfer for the benefit of a creditor, or that the alleged transfers occurred during the preference period on account of antecedent debts.

In addition, the Plaintiff's general allegation that all of the Defendants were creditors of the Debtors is not supported by the Plaintiff's specific allegations, which relate to the Debtors' transactions with SVH. The Plaintiff specifically alleges "upon information and belief" that "SVH funded one or more of the Debtors" and that "the Debtors" owed SVH $15,812,311.14 as of March 27, 2008. The Plaintiff does not allege that the payments by the Debtors to any other Defendant were made for the benefit of SVH. Thus, even accepting the Plaintiff's allegation that SVH was a creditor of the Debtors as true, and construing the allegation in the light most favorable to the Plaintiff, it is insufficient to state a claim that pre-petition transfers from the Debtors to any defendant other than SVH were transfers to a creditor. The Plaintiff's allegations are

9

likewise insufficient to state a claim that petition transfers from the Debtors to any defendant other than SVH were made for the benefit of SVH.

With respect to the $8,556,856.61 that the Plaintiff alleges was transferred to non-debtor parties prior to bankruptcy, the Plaintiff has failed to state a preferential transfer claim against the Defendants for $703,769 of this amount. As previously discussed, the Exhibits reflect that the Debtors made transfers totaling $703,769 to non-defendants. The Plaintiff has failed to allege facts establishing that the non-defendants were creditors of the Debtors, that the transfers they received were for the benefit of a creditor of the Debtors, or that the transfers they received were made on account of a Debtor's debt to any of the Defendants. Thus, the Plaintiff has failed to allege facts that satisfy the second and third elements of a preferential transfer claim. Finally, an alleged transfer in the amount of $300,000 to one of the Defendants occurred post-bankruptcy, and the Plaintiff's allegations fail to satisfy the fifth element of a preferential transfer claim with respect to this transfer.

The Court, therefore, concludes that the Defendants' motion to dismiss the Plaintiff's preferential transfer claim pursuant to Rule 12(b)(6) should be granted in part. The Plaintiff has failed to allege a plausible §547(b) claim for the recovery of transfers that occurred more than one year prior to bankruptcy, for transfers from the Debtors to themselves or to each other, for transfers to non-defendants, for transfers to Defendants other than SVH, or for transfers that occurred post-petition. Stated another way, the Defendants' Rule 12(b)(6) motion is (i) denied with respect to the Plaintiff's claim for recovery of transfers from the Debtors to SVH that occurred within one year prior to the petition date and (ii) granted with respect to the Plaintiff's claim for the recovery of

transfers that occurred more than one year prior to bankruptcy, for transfers from the Debtors to themselves or to each other, for transfers to non-defendants, for transfers to Defendants other than SVH, and for post-petition transfers.

### 3. Fraudulent Transfer Under 11 U.S.C. §548

Turning to the Plaintiff's fraudulent transfer claims, the Plaintiff seeks to avoid the transfers to the Defendants under §548(a)(1)(A) (the actual fraud provision) and §548(a)(1)(B) (the constructive fraud provision) of the Bankruptcy Code.  Pursuant to §548(a)(1) of the Bankruptcy Code, the Plaintiff may avoid a transfer of an interest of a Debtor in property if the debtor "made such transfer ... with actual intent to hinder, delay, or defraud any entity to which the debtor was or became ... indebted."  Whether a conveyance is fraudulent under § 548(a)(1)(A) is determined by reference to the intent of the debtor-transferor in making the transfer; "the state of mind of the transferee is irrelevant." *Christian Bros. High Sch. Endowment v. Bayou No Leverage Fund, LLC (In re Bayou Group, LLC),* 439 B.R. 284, 304 (S.D.N.Y. 2010).

Here, the Plaintiff alleges that the Debtors made the challenged transfers in order to support their operations and, specifically, the operations of IHP.  The Plaintiff also alleges that the transfers enabled the Defendants to conceal the Debtors' assets from other creditors.  The Plaintiff's Third Amended Complaint contains detailed allegations regarding various loans to which SVH and the Debtors were parties and Mr. and Mrs. LeBlanc were guarantors.  The Plaintiff alleges that the Debtors, who were controlled by David LeBlanc, acted with actual intent to hinder, delay or defraud creditors.  The Court concludes that, when the Third Amended Complaint is viewed in the light most favorable

to the Plaintiff, the Plaintiff has plead fraud with sufficient particularity and stated a claim for actual fraud upon with relief may be granted.

The Defendants also request dismissal of the Plaintiff's constructive fraud claim pursuant to Federal Rule 12(b)(6). The elements of a claim of constructive fraud under §548(a) are that: (1) the debtor had an interest in property; (2) the transfer of that interest occurred within two years of the bankruptcy petition; (3) the debtor was insolvent at the time of the transfer or became insolvent as a result thereof; and (4) the debtor received less than reasonably equivalent value in exchange for such transfer.

Here, the Plaintiff complains that the Defendants orchestrated a scheme to prop up IHP that, ultimately, did not succeed. The Plaintiff alleges that the scheme involved transfers of funds from IHBR that made their way to IHP as well as financial transactions that benefitted IHP to the detriment of IHBR. The Plaintiff alleges that Mr. LeBlanc orchestrated this scheme, which was constructively fraudulent. The Plaintiff alleges that no consideration was passed to IHBR in exchange for the transfers to the other Debtors and SVH. The Court concludes that, as to transfers from IHBR within two years of bankruptcy, the Plaintiff has stated a claim upon which relief may be granted.

### C. Amendment

Ordinarily, the Court would give the Plaintiff an opportunity to amend her complaint in an attempt to plead facts sufficient to state claims upon which relief may be granted or plead fraud with more particularity. *See, e.g., Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 329 (5th Cir. 2002). However, the Plaintiff has already amended her complaint twice. Her most recent complaint was filed after the Defendants filed a very similar motion to dismiss. Because the Plaintiff has

stated her best case after "three bites at the apple," any further attempts to cure these pleading deficiencies would be futile and cause unnecessary delay. *See Jacquez v. Procunier,* 801 F.2d 789, 792 (5th Cir. 1986) ("At some point a court must decide that a plaintiff has had fair opportunity to make his case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit.").

## CONCLUSION

For the foregoing reasons, the Defendants' motion to dismiss the Plaintiff's Third Amended Complaint will be granted in part and denied in part. In particular, the Defendants' motion will be granted as to (1) the §547(b) claim for the recovery of transfers that occurred more than one-year prior to bankruptcy; (2) any claim for the recovery of transfers from the Debtors to themselves or to each other, for transfers to non-defendants, for transfers to Defendants other than SVH, or for transfers that occurred post-petition; (3) any claim for breach of fiduciary duty based on actions occurred more than two years before the filing of the Third Amended Compliant; and (4) the claim for constructive fraud except as to transfers from IHBR that occurred within two years of bankruptcy. The Plaintiff's motion to amend her Third Amended Complaint will be denied. The Court will enter a separate Order consistent with this Memorandum Opinion.

Signed on 9/24/2012

*Brenda T. Rhoades*   SR
HONORABLE BRENDA T. RHOADES,
CHIEF UNITED STATES BANKRUPTCY JUDGE